# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30842
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAHVAR HOOKS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-24-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Following his guilty plea to maliciously conveying false information concerning alleged attempts to damage or destroy buildings by means of explosives, Jahvar Hooks was sentenced to a term of supervised release. Upon his concession that he violated one of the release conditions, the district court revoked Hooks's supervised release and sentenced him to 14 months of imprisonment. He now appeals, and we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30842

Hooks argues, first, that the district court erred in revoking his supervised release based on a single technical violation committed in an effort to obtain needed mental health treatment and, second, that his revocation sentence violates the Eighth Amendment because it punishes him for being mentally ill.  Because he did not object in the district court either to the revocation or to the resulting sentence, we review the district court's decision for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007).

A defendant's supervised release may be revoked, and a term of imprisonment imposed, if the district court finds by a preponderance of the evidence that the defendant violated any condition of his release.  18 U.S.C. § 3583(e)(3); *see* U.S.S.G. § 7B1.3(a)(2), p.s.  The record supports Hooks's concession that, by leaving Exodus House without notice and attempting to be admitted to a hospital, he violated one of the express conditions of his release.  Because the district court had clear statutory authority to revoke Hooks's supervised release based on the admitted violation, its decision to do so was not error, let alone clear and obvious error.  *See Puckett*, 556 U.S. at 135.  Hooks's argument that revocation in this case frustrates the aims of supervised release amounts to a disagreement with the district court's exercise of its discretion, which does not warrant reversal on appeal.  *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

Hooks's Eighth Amendment argument is equally unavailing.  Section 3583(e)(3) permits revocation of a defendant's supervised release upon a finding that he violated a condition of release, a finding based on the defendant's actions and not his status.  *Cf. Robinson v. California*, 370 U.S.

660, 666-68 (1962).   Accordingly, Hooks fails to demonstrate plain error in relation to his revocation sentence.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.